UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRICK JONES,

       Plaintiff,

v.                                                      CASE NO. 10-CV-15156
                                                      HON. MARK A. GOLDSMITH

MR. WHITE,

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL AND SUMMARILY DISMISSING THE COMPLAINT WITH PREJUDICE

### I. INTRODUCTION

Pending before the Court are Plaintiff Rodrick Jones' pro se complaint for money damages under 42 U.S.C. § 1983 and an application for appointment of counsel. Plaintiff is a state prisoner at Bellamy Creek Correctional Facility in Ionia, Michigan. The sole defendant is a Michigan State Trooper with the surname White. The complaint appears to allege that, on August 30, 2007, Trooper White arrested Plaintiff for a moving traffic violation and took him to the state police post. Plaintiff was charged with driving with a suspended or revoked license, second offense. The charge was ultimately dismissed in the interests of justice. Plaintiff now claims that he was illegally arrested and that his constitutional right to due process was violated.

### II. LEGAL STANDARD

The Court has permitted Plaintiff to proceed without prepayment of the fees and costs for this action. An indigent prisoner's civil rights complaint may be dismissed if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary

relief from a defendant who is immune from such relief. Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).

### III.  DISCUSSION

A review of federal court records in this District reveals that Plaintiff filed a similar lawsuit against Trooper White on April 26, 2010. See Jones v. White, No. 10-12308 (E.D. Mich. June 11, 2010).[1] United States District Judge Robert H. Cleland summarily dismissed the complaint on August 18, 2010, because: (1) the only injury alleged was emotional injury, see 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); and (2) Plaintiff was suing Trooper White in his official capacity for money damages. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.").

The present complaint is barred by the doctrine of res judicata, which encompasses claim preclusion and issue preclusion. Taylor v. Sturgell, 553 U.S. 880, 892 (2008).

---

[1] The complaint was filed in the Western District of Michigan on April 26, 2010, but transferred to this District and filed here on June 10, 2010.

> Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. Id., at 748-749, 121 S. Ct. 1808. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-154, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979).

Id. at 892 (alterations in original).

Plaintiff is attempting to re-litigate the very same due process claim that he raised in his prior complaint. Thus, his complaint is barred by the doctrine of claim preclusion.

For the doctrine of issue preclusion to apply, the following four requirements must be satisfied:

> 1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;
>
> 2) determination of the issue must have been necessary to the outcome of the prior proceeding;
>
> 3) the prior proceeding must have resulted in a final judgment on the merits; and
>
> 4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, 97 F.3d 155, 161 (6th Cir.1996).    All four factors are satisfied here: Plaintiff is raising the same issue that he raised and actually litigated in his prior lawsuit; a determination of whether Trooper White is liable for Plaintiff's arrest was necessary to the outcome of the earlier lawsuit; the prior lawsuit resulted in a final judgment on the merits of Plaintiff's claim; and Plaintiff had a full and fair opportunity to litigate his claim in the

earlier case. Thus, Plaintiff's complaint is barred by the doctrine of issue preclusion, as well as by the doctrine of claim preclusion.

### IV.  CONCLUSION

Plaintiff's complaint is barred by the doctrine of res judicata and, therefore, fails to state a plausible claim for which relief may be granted. Accordingly, the complaint (Dkt. 1) is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff's application for appointment of counsel (Dkt. 3) is denied as moot.

An appeal from this decision would be frivolous and could not be taken in good faith. Therefore, Plaintiff may not proceed in forma pauperis on appeal if he elects to appeal this decision. Coppedge v. United States, 369 U.S. 438, 445 (1962); McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED


Dated: November 10, 2011             s/Mark A. Goldsmith
       Flint, Michigan               MARK A. GOLDSMITH
                                     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2011.

                                     s/Deborah J. Goltz
                                     DEBORAH J. GOLTZ
                                     Case Manager