UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRICK JONES,

       Plaintiff,

v.

MR. WHITE,

       Defendant.

_____/

CASE NO. 10-15156
HONORABLE MARK A. GOLDSMITH

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION AND PETITION (Dkts. 11-12)

### I. INTRODUCTION

Plaintiff Rodrick Jones, a state prisoner, initiated this action on December 29, 2010, by filing a pro se complaint for money damages under 42 U.S.C. § 1983. See Compl. (Dkt. 1). The sole defendant is a state trooper named White.

Upon filing the complaint, Plaintiff also filed applications to proceed in forma pauperis and for appointment of counsel. See Application to Proceed In Forma Pauperis (Dkt. 2); Application for Appointment of Counsel (Dkt. 3). Magistrate Judge R. Steven Whalen granted Plaintiff's request to proceed in forma pauperis, ordering an initial partial payment of the filing fee, with the remaining amount to be paid in monthly installments "of twenty percent (20%) of the preceding month's income credited to [Plaintiff's] account. 28 U.S.C. § 1915(b)(2)." 9/12/11 Order (Dkt. 7). The Magistrate Judge also explained that Plaintiff "is a prisoner and, therefore, must pay the full filing fee for this civil action. 28 U.S.C. § 1915(b)(1)." Id.

Plaintiff alleged in his complaint that he was illegally arrested and that his constitutional right to due process of law was violated. On April 26, 2010, Plaintiff sued Trooper White in a

1

similar lawsuit, which United States District Judge Robert H. Cleland summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  See Jones v. White, No. 10-12308 (E.D. Mich. June 11, 2010).  As a result of Judge Cleland's adjudication of Plaintiff's claim about the same incident, this Court summarily dismissed the complaint in this case on the grounds that the complaint was barred by the doctrines of claim and issue preclusion and, therefore, failed to state a plausible claim for which relief may be granted.  See 11/10/11 Opinion and Order (Dkt. 9). The Court also denied Plaintiff's application for appointment of counsel as moot.  Id.

Currently pending before the Court are Plaintiff's petition for an order deferring payment and his motion/affidavit in support of the petition.  Mot. (Dkt. 11); Pet. (Dkt. 12).  Although the documents are not entirely clear, Plaintiff appears to be asking the Court to appoint counsel for him and to either eliminate his obligation for payment of the costs for initiating this action or to defer those payments until he is released from prison.  See Mot. at 2.  In support of these requests, Plaintiff states that he is mentally disabled, has an IQ of less than 40, and has a learning disability.  Plaintiff claims that liens placed on his prison trust fund account for repayment of the filing fee only allow him to keep $10.00 per month for living expenses.  Plaintiff states that he needs more than this amount to purchase necessary personal items.  Id.; Pet. at 1.

## II. DISCUSSION

Plaintiff has no constitutional right to appointment of counsel in a civil action.  Lavado v. Keohane, 992 F.2d 601, 605-606 (6th Cir. 1993).  Appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances."  Id. at 606.  The Sixth Circuit has announced that "[i]n determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself."  Id. at 606 (quotation marks and citations omitted).  This case has been closed for over two years, and

Plaintiff has not alleged any exceptional circumstances justifying appointment of counsel at this time.  Indeed, the Sixth Circuit has stated that appointment of counsel is not appropriate when a pro se litigant's claims are frivolous or when the chances of success are very slim, as is the case here.  See id. (quoting Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir. 1985)).  Accordingly, the Court denies Plaintiff's request for appointment of counsel.

The Court also will not eliminate or defer payment of the filing fee for this action.  As the Magistrate Judge's Order explained, prisoners are required to pay the full filing fee for their federal civil actions under 28 U.S.C. § 1915(b)(1).  The statute clearly sets forth that prisoners are responsible for these fees, and it describes the schedule by which payments are to be made. Id. ("After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.").  While Plaintiff complains about the hardship of being left with only $10.00 in his account, that is the floor expressly set by Congress.

"When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."  In re Prison Litigation Reform Act, 105 F.3d 1131, 1131 (6th Cir. 1997).  "By filing the complaint, the prisoner waives any objection to the fee assessment by the district court."  Id. at 1132.  The prisoner also "waives any objection to the withdrawal of funds from the trust fund account by prison officials to pay the prisoner's court fees and costs."  Id.  "Section 1915(b)(1) compels the payment of the respective

fees at the moment the complaint . . . is filed.  Any subsequent dismissal of the case, even if voluntary, does not negate this financial responsibility."  Id. at 1133-34.

Plaintiff contends that he cannot obtain personal items that he needs due to the withdrawal of funds from his prison account to pay for his civil actions in federal court. Nevertheless, there is no exemption to the statutory requirement that an indigent prisoner pay the filing fee over time.  White v. Paskiewicz, 89 F. App'x 582, 584 (6th Cir. 2004).  And, because "prisoners are in the custody of the state and have the 'essentials of life' provided at government expense," the fee provisions of § 1915(b) do "not result in any real hardship above that faced by the average citizen considering whether to bring a lawsuit."  Hampton v. Hobbs, 106 F.3d 1281, 1285 (6th Cir. 1997).

### III. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's petition (Dkt. 12) and Plaintiff's motion/request (Dkt. 11).

SO ORDERED.


Dated:  January 22, 2014                          s/Mark A. Goldsmith
        Flint, Michigan                           MARK A. GOLDSMITH
                                                  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2014.

                                                  s/Deborah J. Goltz
                                                  DEBORAH J. GOLTZ
                                                  Case Manager

4